UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

10 JAN 22 PM 4: 06

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| CHARLES GRAFT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| HART INTERCIVIC, INC., | ) |
| | ) |
| Defendant. | ) |

CASE NO. 1:10-cv- 0093 LJM-JMS

## COMPLAINT

Charles Graft, by counsel, for his Complaint against Hart InterCivic, Inc. ("Hart") alleges and states as follows:

### Jurisdiction and Venue

1.     Mr. Graft is a resident of Marion County, Indiana and is a Indiana citizen.

2.     Hart is a Texas corporation with its principal place of business at 15500 Wells Port Drive, Austin, Texas 78728  and is a citizen of Texas and not a citizen of Indiana.

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity), because every issue of law and fact is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

4.     This Court has personal jurisdiction over this matter because the agreement which this Complaint is based upon was negotiated and executed in Marion County, Indiana and Hart is registered to do business in Indiana.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## **Facts**

6.    Plaintiff incorporates by reference paragraphs 1-5 as if fully restated herein.

7.    On January 11, 1994, Mr. Graft obtained United States Patent No. 5,278,753 (the "753 Patent") for an electronic voting system developed by Mr. Graft.

8.    Prior to December 5, 1996, Worldwide Election Systems, Inc., a Colorado corporation ("Worldwide"), entered into negotiations with Mr. Graft regarding the assignment of Mr. Graft's patent rights to Worldwide.

9.    During the negotiations, representatives from Worldwide traveled to Marion County, Indiana to negotiate the potential assignment of the 753 Patent with Mr. Graft.

10.    On or about December 5, 1996, Mr. Graft entered into an Agreement for Assignment of Patent Rights (the "Assignment") with Worldwide, which was executed in Marion County, Indiana, a relevant portion of which is attached hereto and made a part hereof as Exhibit A.

11.    Pursuant to the Assignment, Worldwide agreed to make minimum annual royalty payments to Mr. Graft in the amount of $25,000 per year plus inflation adjustment amounts for the life of the 753 Patent.

12.    Additionally, to the extent Worldwide sold products incorporating the technology from the 753 Patent, the Assignment required Worldwide to pay certain additional royalty payments to Mr. Graft.

13.    In or around October 1999, Hart Election Services, Inc. acquired the assets and assumed the liabilities of Worldwide, including the Assignment.

14.    Subsequently, the Assignment was transferred from Hart Election Services, Inc. to Hart.

15.     The terms of the Assignment are binding and enforceable against Hart.

16.     Pursuant to the Assignment, Hart is obligated to pay royalties to Mr. Graft.

## Breach of Contract

17.     Plaintiff incorporates by reference paragraphs 1-16 as if fully restated herein.

18.     Hart has failed to make payments to Mr. Graft as required by the Assignment in years 2007, 2008, or 2009.

19.     Hart's failure to pay Mr. Graft constitutes a breach of the terms of the Assignment.

20.     As a result of Hart's breach, Mr. Graft is entitled to damages.

## Foreclosure of Security Interest

21.     Plaintiff incorporates by reference paragraphs 1-20 as if fully restated herein.

22.     On December 5, 1996, Worldwide executed a Security Agreement whereby Worldwide granted to Mr. Graft a security interest in the 753 Patent; all improvements thereto; all royalties, damages and payments relating thereto; and all rights to sue, collect and retain damages and payments for infringements and violations thereof.  A true and accurate copy of the Security Agreement is attached hereto as Exhibit B.

23.     Hart has assumed all of Worldwide's obligations under the Security Agreement to Mr. Graft.

24.     The Security Agreement is valid and enforceable against Hart.

25.     Mr. Graft perfected his security interest in the 753 Patent by filing a financing statement with the Texas Secretary of State on June 13, 2001 as Instrument No. 01-113025.  A true and accurate copy of the financing statement is attached hereto as Exhibit C.

3

26.    Mr. Graft further perfected his security interest in the 753 Patent by filing a financing statement with the United States Patent and Trademark Office on July 2, 2001 as Instrument No. 101769790.  A true and accurate copy of the financing statement is attached hereto as Exhibit D.

27.    Hart has defaulted under the Security Agreement.

28.    As a result of the default, Mr. Graft is entitled to foreclose his lien on the 753 Patent.

WHEREFORE, Plaintiff, Charles Graft, requests the following: (i) a money judgment in his favor and against Hart InterCivic, Inc. for damages, attorney fees and costs of collection, pre- and post-judgment interest, for costs of this matter; (ii) granting Mr. Graft's immediate possession of all rights and interests of Hart in the 753 Patent; (iii) declaring Mr. Graft's security interest is a valid and enforceable lien against the 753 Patent, and that such security interest should be foreclosed and declared prior and superior to the interest in the 753 Patent asserted by Hart or any other party; and (iv) for all other appropriate relief.

Respectfully submitted,

DANN PECAR NEWMAN & KLEIMAN,
PROFESSIONAL CORPORATION

William L. O'Connor #14925-22

Dann Pecar Newman & Kleiman, P.C.
OneAmerica Tower
One American Square, Suite 2300
Indianapolis, Indiana  46282
(317) 632-3232
(317) 632-2962 (Facsimile)

4